IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARMON WAYNE THURMAN | § | |
| v. | § | CIVIL ACTION NO. 6:05cv256 |
| DOUGLAS DRETKE, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Armon Thurman an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On July 20, 2005, the Magistrate Judge ordered Thurman to correct his application for leave to proceed *in forma pauperis*, so that he could obtain certification of his inmate trust account data sheet as required by 28 U.S.C. §1915(b).  Thurman sought an extension of time to comply with this order, which was granted on August 22, 2005.  On September 28, 2005, Thurman sought another extension.  This was granted on October 18, 2005; at that time, the Magistrate Judge also ordered Thurman to file an amended complaint setting out his claims with more factual specificity.

Thurman received copies of these orders on October 21, 2005, but did not respond.  On December 27, 2005, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.  On January 10, 2006, Thurman filed yet another motion for extension of time in which to obtain a print-out of his inmate data sheet.  This motion was granted on January 23, 2006, and Thurman was given until

February 17, 2006, in which to comply. Thurman made no mention of the order to file an amended complaint in this motion, although he did say that he intended to drop the other two defendants in his lawsuit and proceed only against Warden Briscoe and un-named "subordinates."

On February 13, 2006, Thurman filed objections to the Magistrate Judge's Report, which he had apparently just received. In these objections, Thurman says that he has been in the hospital and could not comply with the Court's orders. He says that the lawsuit is against Warden Briscoe and a physician named Dr. Clayton, who has not been previously named and against him no claim has been set out.

There is no doubt that Thurman has been given ample time in which to file his amended complaint and application for leave to proceed *in forma pauperis*. While Thurman may have shown good cause for his failure to file a certified *in forma pauperis* application, he has shown no such cause for his failure to file an amended complaint setting forth his pleadings with more factual specificity. Since receiving a copy of this order, Thurman has filed a motion for extension of time in which to obtain a trust account data sheet, a notice of change of address, and objections to the Magistrate Judge's Report. He has had some four months in which to comply with the Court's order but has failed to do so. Thurman has failed to prosecute his lawsuit and the Magistrate Judge's Report is correct.

The Court additionally notes that Thurman has requested dismissal of Douglas Dretke and Warden Lorimeir, leaving only Warden Briscoe as a defendant in the lawsuit. In his original complaint, Thurman says that Warden Briscoe allowed his subordinates to force Thurman to drag his property upstairs without medications. He also says that "the defendants" have confiscated his property, law books, and litigation, but does not provide more specificity.

In his motion dated January 10, Thurman says that he wants to continue the lawsuit "against Warden Briscoe and his subordinates," but he fails to name these subordinates or identify the allegedly wrongful acts which they committed. In his objections to the Report, Thurman says that "this lawsuit is against Warden Briscoe and one Dr. Clayton, M.D., Beto I Unit," but fails to set out

any additional facts against Dr. Clayton. As noted above, Thurman has had ample time and opportunity to file an amended complaint setting out his claims with more factual specificity.

The Fifth Circuit has held that civil rights claimants must state specific facts, not conclusory allegations. Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986); *see also* Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996) (Section 1983 actions against individual governmental officials require "claims of specific conduct and action giving rise to a constitutional violation," not merely conclusory assertions). In this case, the only pleading approaching a specific fact is Thurman's claim that Warden Briscoe allowed his subordinates to order Thurman to drag his property upstairs, when Thurman was apparently unable to do so.

The Fifth Circuit has stated that lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. Williams v. Luna, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).

In this case, Thurman has not shown that Warden Briscoe was personally involved in a constitutional deprivation, that wrongful conduct by Briscoe was causally connected to a constitutional deprivation, or that a constitutionally deficient policy was implemented which was the moving force behind a constitutional deprivation. Instead, he simply says that Briscoe "allowed his subordinates" to order Thurman to carry his property upstairs; he does not indicate that Briscoe was even present when this order was given. His claim against Warden Briscoe is plainly based upon *respondeat superior*, and as such it is not cognizable under Section 1983.

Thurman also refers to unnamed "subordinates" of Warden Briscoe, and to a physician identified as Dr. Clayton, but says nothing at all regarding specific claims against these individuals.

In order to successfully plead a cause of action in civil rights cases, a plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986); *see also* Baker v. Putnal, 75 F.3d at 195. Thurman has failed to plead any sort of claim against these individuals despite having more than ample opportunity to do so, and so his claims against them must be dismissed as frivolous. In the interest of justice, however, the dismissal of Thurman's claims against Briscoe, Dr. Clayton, and the unnamed "subordinates" should be done without prejudice, and should not count as a strike for purposes of 28 U.S.C. §1915(g).

The Court has conducted a careful *de novo* review of the record in this case, including the Plaintiff's pleadings, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. The Court has further concluded that the Plaintiff's claims in this case are frivolous in that he has wholly failed to plead specific facts despite having ample opportunity to do so. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court, with the addition of the frivolousness discussion set out above. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED WITHOUT PREJUDICE as frivolous and for failure to prosecute or to obey an order of the Court. It is further

ORDERED that this dismissal shall not count as a strike for purposes of 28 U.S.C. §1915(g). Finally, it is

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

**SIGNED this 22nd day of February, 2006.**

4

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE